**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA,**

       **v.**                                            **CR NO. 05-354 (JMF)**

**DARCELL PRESCOTT,**

       **Defendant.**

---

**DETENTION MEMORANDUM**

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

1.      On June 21, 2005 at approximately 11:15 a.m., Investigator Clarence Brooks of the Metropolitan Police Department was called by the United States Marshal Service to assist with an eviction at 325 Parkland Place, S.E., Apartment 3.

2.      Investigator Brooks, along with two other officers, went to the above-mentioned location. Upon arrival, the officers found that the defendant, along with an other individual, had already been placed in handcuffs by the Marshal Service.

3.      On a chair in the living room, officers seized a gold plated pearl handle .22 caliber revolver that was loaded with eight rounds. From the same location, officers also seized two clear ziplocks containing four grams of crack and 29 ziplocks

containing heroin. From the defendant's right front pants pocket, officers seized one ziplock containing marijuana and one containing crack cocaine.

4.      Officers also found defendant's wallet on the same chair where the drugs were retrieved.

5.      After being arrested, the defendant admitted that the gun was his, and indicated that it was a gift from his uncle. The defendant also admitted that he was selling drugs because he had twelve children to support and that working at McDonalds simply wouldn't suffice. Finally, the defendant admitted that he carried the gun for protection.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably

assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).  In

determining whether there are conditions of release that will reasonably assure the appearance of

the person as required and the safety of any other person and the community, the judicial officer

is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing

evidence that defendant's release on any condition or combination of conditions will not

reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The crime charge involves the possession of

a large amount of crack cocaine as well as heroin and marijuana.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant is a lifelong resident of the D.C. area. He is single but is caring for twelve children and his fiancé. He has been working as an auto mechanic for the past seven months.

**The weight of the evidence.** The weight of the evidence is overwhelming given the amount of drugs that were retrieved from the apartment and defendant's person in conjunction with defendant's admission that the drugs and the gun was his and that he was selling drugs to support his twelve children.

**History relating to drug or alcohol abuse.** None available.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** The defendant was previously convicted of several minor charges and one extremely serious felony, as described below. On 10/24/1988, the defendant was convicted in the District of Columbia of attempted use of an unauthorized automobile. He received one year of probation, which expired satisfactorily on 5/30/1990. On 8/7/1989, the defendant was convicted in Maryland of theft valued at over $300. He received probation before judgment. On 7/18/1990, the defendant was convicted in Maryland of possession of a controlled dangerous substance and theft valued at less than $300. He received four days of confinement. On 11/22/1991, the defendant was convicted in Maryland of theft valued at less than $300. The exact sentence could not be determined. On 10/12/1993, the defendant was convicted in Maryland of assault with intent to kill. He received a sentence of 15 years of confinement and is currently on parole for that conviction.

4

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  The defendant was previously convicted of an extremely serious crime, assault with intent to kill, and now admits to selling drugs and carrying a gun for protection.  He proffered little to rebut the presumption of his dangerousness created by the Bail Reform Act.  I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community.  I will, therefore, order the defendant detained without bond pending trial.


_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**July 1, 2005**